[Cite as *McAuliffe v. Ohio Dept. of Transp.*, 2010-Ohio-6663.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK R. MCAULIFFE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06141-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Patrick R. McAuliffe, filed this action against defendant, Department of Transportation (ODOT), contending his 2002 Mazda Protégé 5 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on Interstate 75 in Warren County. In his complaint, plaintiff noted he was traveling on Interstate 75 near State Route 63 when "[d]ebris from the construction hit my car puncturing the gas tank and damaging the exhaust." Plaintiff recalled the stated property damage incident occurred on April 9, 2010 at approximately 4:00 p.m. Plaintiff requested damages in the amount of $1,052.95, the total cost of replacement parts and repair expense. The filing fee was paid.

{¶ 2} Defendant acknowledged the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant explained the particular construction project "dealt with widening I-75 between Cincinnati-Dayton Road and SR 122 in Butler and Warren Counties." According to defendant, the

construction project limits "corresponds (to) state mileposts 21.0 to 32.0" on Interstate 75 and plaintiff's damage incident occurred at milepost 29.2, a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant denied that neither ODOT nor Jurgensen "had any notice of debris lying around in I-75 prior to plaintiff's property incident." Defendant pointed out that ODOT records "indicate that no complaints were received at the Warren County Garage for I-75 regarding debris prior to Plaintiff McAuliffe's incident." Defendant advised, "[i]t should be noted that this portion of I-75 has an average daily traffic volume between 73,320 and 93,130, however, no other complaints were received (regarding any debris condition) prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish his property damage was attributable to conduct on either the part of ODOT or Jurgensen.

**{¶ 6}** Defendant submitted a letter from Jurgensen Project Manager, Kate Holden, who recorded Jurgensen personnel "were working on the southbound outside shoulder of I-75" on April 9, 2010, the stated date of plaintiff's property damage occurrence. Holden advised this Jurgensen crew was "working more than three miles north of State Route 63." According to Holden, no work was conducted on the Interstate 75 construction project on April 8, 2010 "due to heavy rains." Holden provided copies of her "journal notes" for the period from April 6, 2010 through April 13, 2010. There is no mention of any debris condition in the submitted "journal notes."

**{¶ 7}** Generally, in order to prove a breach of the duty to maintain the highways,

plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim has alleged that the damage to his vehicle was attributable to the failure of Jurgensen to remove debris from the roadway caused by construction activity. Plaintiff has not submitted any evidence to establish the roadway surface was milled prior to April 9, 2010 or that any milling debris was left on the roadway.

{¶ 8} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9} "If the injury is the natural and probable consequence of a negligent act and it is such as should have ben foreseen in the light of all the attending circumstances, the inury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 10} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether

ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d 723, 588 N.E. 2d 864. In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190. Evidence has shown that the repavement project complied with ODOT specifications. Plaintiff has not provided evidence to prove that the roadway area was particularly defective or hazardous to motorists. *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole incident at this area. See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK R. MCAULIFFE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2010-06141-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Patrick R. McAuliffe                          Jolene M. Molitoris, Director
821 Wittlesbach Drive                        Department of Transportation
Apt. D                                       1980 West Broad Street
Kettering, Ohio  45429                       Columbus, Ohio  43223

RDK/laa
9/16
Filed 11/10/10
Sent to S.C. reporter 2/11/11